IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02056-BNB

RUSSELL A. KUEKER,

      Plaintiff,

v.

MARYANNE ALESSI-RICHARDS, A.C.C.,
RINA K. SHINN, C.M.H.I.P.,
KAREN DONKLE, B.C.C.F.,
STEVE BROWN, JR., B.C.C.F., and
JOHN/JANE DOE(S) 1-5,

      Defendants.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 4 2007

GREGORY C. LANGHAM
              CLERK

---

## ORDER TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Russell A. Kueker, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who was incarcerated at the Sterling, Colorado, correctional facility when he initiated the instant action. He since has notified the Court that he currently is incarcerated at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Kueker filed *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He also filed an amendment to the complaint.

On December 20, 2006, I ordered Mr. Kueker within thirty days to file an amended complaint that sued the proper parties and alleged each defendant's personal participation in the asserted constitutional violations, and to show cause why the

complaint, as amended, should not be dismissed for failure to exhaust the DOC's three-step, administrative-grievance procedure.  On January 30, 2007, I vacated that portion of the December 20 order directing Mr. Kueker to show cause regarding exhaustion.  On May 1, 2007, after being granted extensions of time, Mr. Kueker submitted an amended complaint.

The Court must construe liberally the amended complaint because Mr. Kueker is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Kueker will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas* , 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the

claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Kueker's amended complaint is prolix. The amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim clearly and succinctly, Mr. Kueker offers chronological recitations of acts or events without stating clearly how his constitutional right or rights were violated. The Court has done its best to summarize his assertions.

Mr. Kueker asserts that in December 2004, when he first was incarcerated at the Arrowhead Correctional Center, he was suffering from a swollen lymph node on the upper part of his left thigh. He alleges that he was examined by the defendant Dr. Maryanne Alessi-Richards, and that she recommended he be examined by a surgeon. He further alleges that on January 10, 2005, he was transferred to the Colorado Mental Health Institute in Pueblo, Colorado, where he was examined by the defendant Dr. Rina K. Shinn, and that she determined a biopsy was not necessary at that time. He asserts that he was returned to the Arrowhead Correctional Center until he was transferred on March 24, 2005, to the Bent County Correctional Facility, a private facility in Las Animas, Colorado, operated by the Corrections Corporation of America.

Mr. Kueker alleges that in April and May 2005 he was examined by the defendant Dr. Karen Donkle for sores, stiffness, muscle cramps, and night sweats. He apparently believes she improperly failed to investigate his prior medical history, and he disagrees with her treatment of his medical condition.

Mr. Kueker contends that on September 16, 2005, after submitting numerous requests concerning various ailments he was experiencing, he was taken to the Colorado Medical Institute for Health, and the left side of his neck was biopsied. He alleges that he has been diagnosed with Burkitt's lymphoma, and argues that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs.

Mr. Kueker apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Kueker's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Kueker must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In the second amended complaint he will be directed to file, Mr. Kueker also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a

4

federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant 's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Steve Brown, Jr., Bent County Correctional Facility associate warden, may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Mr. Kueker may use fictitious names, such as "John Doe" and "Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Kueker uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Kueker should be given an opportunity to file a final amended complaint.  He will be directed to do so below.

Mr. Kueker is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant.  The Court will not make the copies necessary for service.  Therefore, Mr. Kueker should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.  Accordingly, it is

5

ORDERED that Mr. Kueker file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Kueker, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Kueker submit sufficient copies of the second amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Kueker fails to comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED May 4, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-002056-BNB

Russell A. Kueker
Doc No. 46721
ACC - Unit B
PO Box 300
Canon City, CO 81215

        I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 5/4/07

                                    GREGORY C. LANGHAM, CLERK

                        By: _____
                                        Deputy Clerk